United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40389
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EMERITO ZELAYA-VASQUEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:03-CR-328-1
--------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Emerito Zelaya-Vasquez (Zelaya) appeals his guilty-plea conviction and sentence for being found present in the United States following deportation and removal, without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security. Zelaya argues, pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are elements of the offense, not sentence enhancements, making those provisions unconstitutional. He concedes that this

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), but raises it for possible review by the Supreme Court.

"<u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>." <u>United States v. Rivera</u>, 265 F.3d 310, 312 (5th Cir. 2001); <u>see</u> <u>Apprendi</u>, 530 U.S. at 489-90. We must follow the precedent set in <u>Almendarez-Torres</u> unless the Supreme Court itself determines to overrule it. <u>See</u> <u>Rivera</u>, 265 F.3d at 312.

Zelaya also argues that his sentence violates <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), because it is based on facts not admitted or found by a jury. As he concedes, this argument is foreclosed by <u>United States v. Pineiro</u>, 377 F.3d 464, 465-66 (5th Cir. 2004), <u>petition for cert. filed</u> (U.S. July 14, 2004) (No. 04-5263).

AFFIRMED.