United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 4, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40409
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIO CESAR VASQUEZ-ALEJOS, also known as Andre Maya-Galvan,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:03-CR-898-ALL
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This court affirmed the sentence of Julio Cesar Vasquez-

Alejos (Vasquez). United States v. Vasquez-Alejos, 115 Fed.

Appx. 252 (5th Cir. 2004) (per curiam). The Supreme Court

vacated and remanded for further consideration in light of

United States v. Booker, 125 S. Ct. 738 (2005). See Vasquez-

Alejos v. United States, 125 S. Ct. 1995 (2005). We requested

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and received supplemental letter briefs addressing the impact of Booker.

Vasquez argues that he is entitled to resentencing because the district court sentenced him under the mandatory application of the United States Sentencing Guidelines that was prohibited by Booker. This is the type of error that was experienced by the other respondent in Booker, Fanfan. Booker, 125 S. Ct. at 767-68.

In United States v. Martinez-Lugo, 411 F.3d 597, 601 (5th Cir. 2005), this court rejected the argument that Vasquez seeks to preserve for further review, that Fanfan error is structural and presumptively prejudicial. Instead, Fanfan error is subject to the plain error analysis set forth in United States v. Mares, 402 F.3d 511 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517). Martinez-Lugo, 411 F.3d at 600-01. Thus, because Vasquez raises this issue for the first time on remand from the Supreme Court, and because he raised an argument related to Blakely v. Washington, 542 U.S. 296 (2004), in his initial brief before this court, his argument is reviewable for plain error. See United States v. Cruz, __ F.3d __, No. 03-40886, 2005 WL 1706518, *2 (5th Cir. July 22, 2005).

Vasquez concedes that the district court did not give any indication that his sentence would have been lower if the district court had sentenced him under the post-Booker advisory regime. Vasquez has therefore failed to establish "with a

probability sufficient to undermine confidence in the outcome, that if the judge had sentenced him under an advisory sentencing regime rather than a mandatory one, he would have received a lesser sentence." United States v. Infante, 404 F.3d 376, 395 (5th Cir. 2005); see United States v. Bringier, 405 F.3d 310, 317 (5th Cir. 2005), petition for cert. filed (July 26, 2005) (No. 05-5535). He has therefore failed to show that the error affected his substantial rights and has thus failed to establish plain error. See Martinez-Lugo, 411 F.3d at 600-01.

Vasquez asserts, for the purpose of preserving the issue for Supreme Court review, that this court's standard under Mares and Bringier that the defendant must prove that the error affected his substantial rights is inconsistent with United States v. Dominguez Benitez, 542 U.S. 74, ___, 124 S. Ct. 2333, 2340 n.9 (2004).

Because nothing in Booker requires us to change our prior affirmance in this case, we reinstate our judgment affirming Vasquez's sentence.

AFFIRMED.